

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1581-12

**BRIAN SHAWN GILLEY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### WICHITA COUNTY

**JOHNSON, J., filed a dissenting opinion.**

### D I S S E N T I N G   O P I N I O N

I respectfully dissent. The trial judge asked the child questions "of my own" and other questions selected from questions submitted by the state and the defendant, but the trial judge did not reveal either how many questions from the judge, the state, and the defense were asked or the content of such questions.

As the Court's opinion notes, Texas Rule of Evidence 601(a) provides that children are incompetent to testify if "after being examined by the court, [they] appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated." The Court's opinion also

quotes Professors Goode, Welborn, and Sharlot for the proposition that the "party seeking to exclude the witness from testifying must raise the issue of his competency and shoulders the burden of establishing incompetency."[1]   But just how does the party seeking to exclude the witness do that if that party is not permitted to question the child directly or even to witness the questioning of the child by another person, whether judge, prosecutor, or child-protection counselor?  We cannot constitutionally use, as a standard, a task that cannot be performed.

The Court's opinion speculates that trial counsel "*might* have been able to prevent the child-witness's testimony altogether by promulgating supplemental questions designed to expose the child-witness's cognitive or truth-telling limitation, or suggesting deficiencies in the trial court's own examination of the child-witness." (Emphasis added.)  Again, just how does the party seeking to exclude the witness do that if that party is not permitted to question the child or even to witness the questioning of the child by another person, whether judge, prosecutor, or child-protection counselor?  Counsel will not know what questions were asked and therefore cannot know what "supplemental" questions to promulgate.  How can counsel suggest deficiencies in the trial court's examination of the child when counsel has not been permitted to see and hear the questions and the responses?  Body language, tone, and inflection can, and frequently do, drastically change the tenor and import of a question, yet counsel was denied the opportunity to observe body language, tone, and inflection, and these things are not discernible from a cold, written record.  Young children may not yet understand such things, but adults, especially adults who are parents, generally do and can also recognize questions that are ambiguous or too complicated for a young child to decipher.  Again, we cannot constitutionally use, as a standard, a task that cannot be performed.

---

[1] Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, 1 TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE §601.2, at 643 (3d ed. 2002) (citations omitted).

The Court's opinion also states that the defense counsel did not attempt to obtain the court reporter's transcription of the trial judge's interrogation of the child and suggests that "it was apparently readily available to him . . .." Yet I find no indication in the Court's opinion of when the trial commenced in relation to the trial judge's interrogation of the child. If the trial commenced shortly or immediately after that interrogation, the transcription would not have been "readily available to him." Given that transcription may take a significant period of time, depending, *inter alia*, on the length of the record, the practice and availability of the court reporter, and the size of the defendant's wallet, even if a continuance had been requested and granted, the transcription may not have been "readily available." And how likely is it that a transcript would have been an effective tool for cross-examination of the child? And, as I have already noted, important information about body language, tone, and inflection–of both child and judge–during the interrogation of the child are not discernible from a cold, written record–the transcription of the court reporter's notes. Even if counsel could demonstrate inconsistencies in the child's testimony, her presence on the witness stand indicates that she has been found to be a competent witness. The reality of trial for sexual assault of a child is that, unless the child testifies at trial to events that are physically or temporally impossible, juries tend to believe the child, and the defendant will be convicted. If counsel attempts to ask questions of the sort that the trial judge asked, the state may object on the basis of relevance to the only question at hand: the defendant's guilt or innocence, not the competence of the witness.

Finally, the reliance of the Court's opinion on *Kentucky v. Stincer*, 482 U.S. 730 (1987), is misplaced because, contrary to the facts in this case, Stincer's attorney was present during the trial court's examination of the witnesses and was permitted to question the prospective witnesses; only the defendant was excluded.

After a jury was sworn, but before the presentation of evidence, the court conducted an in-chambers hearing to determine if the two young girls were competent to testify. Over his objection, respondent, but not his counsel (a public defender), was excluded from this hearing. The two children were examined separately and the judge, the prosecutor, and respondent's counsel asked questions of each girl to determine if she were capable of remembering basic facts and of distinguishing between telling the truth and telling a lie. . . . T. G., the 8-year-old, was asked her age, her date of birth, the name of her school, the names of her teachers, and the name of her Sunday school. She was also asked whether she knew what it meant to tell the truth, and whether she could keep a promise to God to tell the truth. . . . N. G., the 7-year-old girl, was asked similar questions. . . . The two children were not asked about the substance of the testimony they were to give at trial. The court ruled that the girls were competent to testify. Respondent's counsel did not object to these rulings.

*Id.* at 732-33, footnotes and citations omitted.

I would hold that examination by the trial court to determine the competence of the witness to testify is a "critical stage." The issue in such an examination is whether any evidence offered by that witness would be properly before the finder of fact. This is similar to the issue at a hearing on a motion to suppress evidence: is the proffered evidence properly before the finder of fact? Certainly, a hearing on a motion to suppress is a critical stage because it has a direct relationship with the trial. As the United States Supreme Court stated in *Stincer*, "Moreover, although questions regarding the guilt or innocence of the defendant usually are not asked at a competency hearing, the hearing retains a direct relationship with the trial because it determines whether a key witness will testify." *Id.* at 740. Because a determination of whether a child is competent to testify clearly has a direct relationship with the trial, it, too, is a critical stage, and appellant was entitled to representation by counsel.

I dissent.

Filed: January 15, 2014
Publish